IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN LAMAR JORDAN :
:
v. : Criminal No. PX 16-526
: Civil Action No. PX 18-2508
UNITED STATES OF AMERICA :
:

**MEMORANDUM OPINION**

Petitioner Sean Lamar Jordan ("Jordan") urges this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, principally asserting that he was denied effective assistance of counsel. ECF No. 65.[1] The issues have been briefed, and the Court now rules with no hearing necessary. *See* Loc. R. 105.6. For the following reasons, the Petition is denied.

**I.     Background**

On September 27, 2017, Jordan pleaded guilty to one count of attempted robbery and one count of robbery in violation of 18 U.S.C. § 1951(a), as well as one count of brandishing of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). ECF No. 44. At his re-arraignment, Jordan admitted that he conspired with two other men to rob two T-Mobile stores. Jordan's role in the offense was to give to his coconspirators the layout of the stores, supply them a loaded firearm, and sell any items stolen. ECF No. 44-1. The firearm that Jordan supplied had been brandished during the attempted robbery.[2]

---

[1] Jordan currently proceeds pro se, although Assistant Federal Public Defender, Paresh Patel, had represented Jordan as to several supplemental petitions which have since been voluntarily dismissed. *See* ECF Nos. 77, 79, 85, 87, 89. The original pro se Petition at ECF No. 65 remains the sole Petition ripe for adjudication.

[2] A defendant "may be convicted of a § 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." *See United States v. Wilson*, 135 F.3d 291, 305 (4th Cir. 1998).

Jordan also affirmed, under oath, that he understood the nature of the charges placed against him, the maximum penalties associated with the charges, and the valuable constitutional and civil rights he would forfeit were the Court to accept his guilty plea. Jordan further attested that he was neither coerced nor tricked into pleading guilty, and that he had sufficient time to discuss with his attorney the decision to plead guilty versus going to trial. ECF No. 81-1. Especially relevant to this motion, Jordan confirmed that he was satisfied with his defense counsel's representation. ECF No. 81-1 at 10:14–10:21, 39:1–39:13.

On March 27, 2017, the Court sentenced Jordan to 120 months' imprisonment consistent with the plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). ECF No. 44. Per the terms of the "C-plea," if the Court accepted the plea agreement, it would be bound to impose the jointly recommended total sentence of 120 months' imprisonment consisting of concurrent 36-month imprisonment terms on Counts Two and Three (the robbery offenses), and an 84-month imprisonment term on Count Five (the firearm offense) to run consecutively to the 36-month sentence. *Id.* at 6.

On November 17, 2017, the Court accepted the plea agreement and imposed the aggregate 120-month sentence. ECF Nos. 61, 64. The Court noted that the Advisory Sentencing Guideline range for the robbery conviction was 110 to 137 months, separate and apart from the mandatory consecutive sentence required for the firearm count. ECF Nos. 58 ¶ 96; 64 at 4. Thus, by accepting the plea agreement and imposing an aggregate sentence of 120 months, the Court effectively awarded Jordan a substantial variance. *Id.* at 21.

On August 13, 2018, Jordan filed this motion pursuant to 28 U.S.C. § 2255, urging that the Court set aside his guilty plea and sentence because his trial counsel's performance had been undermined by counsel's "racist bias." ECF No. 65. Jordan additionally argues that his counsel

"knew" that Jordan was being singled out for prosecution because of his race and that counsel should have noted a direct appeal on this basis. *Id.* For the following reasons, the Petition must be denied.[3]

## II.     Standard of Review

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's performance fell within a wide range of reasonably professional conduct; accordingly, courts remain highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Moreover, where no prejudice results from the claimed errors of counsel, the Court need not reach whether the attorney's performance was deficient. *Strickland*, 466 U.S. at 697.

In the context of a § 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). The petitioner "must convince the court" that such a decision "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

---

[3] Jordan also contends that his motion must be granted because the 120-month sentence imposed exceeded the maximum sentence "authorized by law." ECF No. 65 at ¶ 2. Jordan is incorrect. The statutory maximum term of imprisonment for the robbery offenses is twenty years and the maximum for the firearm offense is life. *See* 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(c)(1)(A)(ii); *United States v. Cristobal*, 293 F.3d 134, 147 (4th Cir. 2002).

### III.     Analysis

Jordan has not demonstrated that he meets either prong of the *Strickland* test.  First, he has marshaled no evidence that his counsel's performance was deficient.  In fact, Jordan repeatedly affirmed under oath that he was satisfied with his counsel's performance.  ECF No. 81-1 at 11, 40.  At sentencing, he also praised counsel for his representation (ECF No. 64 at 18) and for good reason.  Jordan admitted to a robust statement of facts—the accuracy of which he does not dispute—that clearly establish his guilt as to all three offenses.  ECF No. 81-1 at 35-39.  Counsel's agreed-upon disposition reflects his competency in achieving a favorable outcome for his client.  Jordan's after-the-fact accusations of non-specific racial bias are not supported with any credible evidence, and so nothing in the record undermines the adequacy of the representation received.

Alternatively, even if counsel somehow fell down on the job, Jordan has not demonstrated any prejudice resulting from the claimed attorney errors.  Jordan quite clearly adopted the entirety of the stipulated facts which laid out his participation in a robbery and attempted robbery of two T-Mobile stores.  ECF Nos. 44-1;81-1 at 35-39.  Jordan also admitted that he provided his coconspirator with the loaded firearm used and brandished during the offenses and that he was responsible for selling the stolen items and distributing the proceeds among the coconspirators.  ECF No. 81-1 at 35–39.  Asked whether he had been forced, coerced, or threatened to induce his plea, Jordan unequivocally replied, "no."  *Id.* at 39.  The plea was, in short, knowing, voluntary, and solidly supported by ample evidence.  On this record, the Court cannot conclude that any perceived failure of counsel to push back on the supposed "selective prosecution" prejudiced Jordan.

To the extent Jordan separately asserts that counsel had been deficient for failing to appeal the validity of his conviction and sentence, that claim too must fail.  Jordan knowingly and voluntarily waived his right to appeal his conviction and sentence as part of his C-plea.  ECF Nos. 44; 81-1 at 34.  Thus, counsel could not have provided constitutionally ineffective representation by adhering to the

plea agreement. This is especially so where Jordan has not demonstrated that he even asked counsel to note his appeal.[4]

In sum, Jordan has failed to demonstrate either that counsel's performance was deficient or that he was prejudiced by the same. Accordingly, the motion to set aside the conviction and sentence must be denied.

### IV.     Certificate of Appealability

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Petitioner does not satisfy this standard. Accordingly, a certificate of appealability will not issue.

### V.     Conclusion

For the foregoing reasons, the Court denies Jordan's motion brought pursuant to 28 U.S.C. § 2255 and will not issue a certificate of appealability. A separate order follows.

/s/
PAULA XINIS
United States District Judge

---

[4] Jordan also suggests that counsel could have raised his own ineffectiveness on direct appeal. However, "unless an attorney's ineffectiveness conclusively appears on the face of the record," the claims would not be considered on appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).